## 28020.   CARROLL LUMBER COMPANY v. MARSHALL.

DECIDED MARCH 9, 1940.

*Boykin & Boykin,* for plaintiff in error.
*A. B. Taylor, J. L. Smith,* contra.

MACINTYRE, J. This was a suit on an account for lumber sold to the defendant. The jury returned a verdict for the plaintiff. The defendant excepted to the overruling of its motion for new trial. The evidence for the plaintiff showed that he sold lumber to the defendant through the defendant's agent, McGukin, and that they *agreed* on the specific price which was set forth in the statement of account attached to the petition. This showed a balance due of $218.16. The defendant contended, and its evidence showed, that there was *no such agreement* between its agent and the plaintiff and that the agreed price to be paid for the lumber was the *fair market value thereof,* which the defendant contended had been paid. This conflicting evidence presented a question solely for determination by the jury; and they having found for the plaintiff this court will not interfere.

The judge charged the jury in part as follows: "Now . . the defendant contends that he does not owe this plaintiff anything; that he has paid, made payment, for all lumber received from the plaintiff. He contends that he paid the plaintiff in this case for the lumber that was received by him, the fair market price thereof; and that he did not have any specific contract to buy lumber from the plaintiff in this case except at the fair market

value. He contends that Mr. McGukin was not his agent to make contracts for purchase in his behalf. [Now, if that be the truth of the matter, that is, if payment has been made for all lumber delivered at the fair price, as contended by the defendant, and if Mr. McGukin was not his agent, as contended, then, gentlemen, you would find for the defendant in this case.]" (Brackets ours.) The defendant complains of that part of the charge quoted above in brackets, on the ground that it placed an incorrect burden on the defendant; that this charge required the defendant to prove that it had paid for the lumber at a "fair market value," and to prove that McGukin was not the agent of the defendant. The defendant contends that if McGukin was not the agent of the defendant, that was a good defense. "It did not take the conjunctive defense to be good, but a disjunctive defense was good." This charge, in the light of the preceding portion of the charge, meant that if McGukin was not the agent of the defendant it was not bound by any agreement he made as to the price of the lumber; and thus if the jury believed that McGukin was not the defendant's agent, then the plaintiff was entitled to only the fair market price of the lumber, and therefore if the defendant had paid the plaintiff the fair market price of the lumber it had fulfilled its obligation and the plaintiff could not recover. This ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*